IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TINA DOLAN, | : | CASE NO. _____ |
| PLAINTIFF, | : | JUDGE_____ |
| V. | : | COMPLAINT WITH JURY DEMAND |
| LOUIS DeJOY, POSTMASTER GENERAL | : | |
| DEFENDANT. | : | |

## INTRODUCTION

This is an action for damages and injunctive relief based upon Plaintiff's claim of disability discrimination under Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. (hereinafter referred to as the "Rehabilitation Act of 1973).

## JURISDICTION AND VENUE

1. This Court has original jurisdiction in this case under 28 U.S.C. § 1331.

2. Venue is proper in the Southern District of Ohio, Western Division at Dayton because it is the location where the claims as set forth herein arose.

## PARTIES

3. Plaintiff is a resident of Montgomery County, Ohio. At all times relevant

        to this matter she was employed by Defendant as Carrier Technician. Plaintiff's duty station was located at the Dayton-Washington Township Branch Post Office in Montgomery County, Ohio.

4. Plaintiff exhausted her administrative remedies by timely seeking EEO counseling. Plaintiff's concerns were not resolved through the EEO counseling/informal process. Plaintiff timely filed a formal EEO complaint on July 2, 2021. Following the investigation of the formal EEO complaint, Plaintiff timely requested that Defendant issue a Final Agency Decision on or about October 1, 2021. Plaintiff received the Final Agency Decision on October 27, 2021. A copy of Plaintiff's Final Agency Decision, containing Plaintiff's Right to Sue Notice, is attached hereto as Exhibit A.

5     At all times relevant to this action, Plaintiff was an employee within the meaning of the Rehabilitation Act of 1973.

6. Defendant is the Postmaster General and official head of the United States Postal Service.

7. At all times relevant to this action, Defendant was Plaintiff's employer.

8. Defendant is an employer within the meaning of the Rehabilitation Act of 1973.

## FACTUAL BACKGROUND

9. Plaintiff has been diagnosed with Post Traumatic Stress Disorder. This is a mental health condition which substantially limits Plaintiff's ability to wear a facial covering, interact with others, her ability to attend social

2

functions, her ability to breath when wearing a facial covering and her ability to enter premises requiring facial coverings. Plaintiff's mental health conditions substantially impacts the functions of her brain, and nervous system.

10. Plaintiff is disabled within the meaning of the Rehabilitation Act of 1973, in that she is substantially limited in her ability to perform major life activities and her mental health condition substantially impairs the operation of major bodily organs and systems.

11. Prior to May 2020, Plaintiff was able to perform the essential functions of her position as a Carrier Technician, without the need for any accommodation, despite her disability.

12. Beginning in May 2020, Defendant required all employees to wear facial coverings.

13. Plaintiff was unable to wear a facial covering due to her disability.

14. Plaintiff advised Defendant, through Vanessa Hopkins, Occupational Health Nurse Administrator, that she was unable to wear a facial covering due to her disability. Plaintiff's act of notifying Ms. Hopkins that she was unable to wear a facial covering constituted a request for a reasonable accommodation for her disability under the Rehabilitation Act of 1973.

15. In May 14, 2020, Defendant provided Plaintiff a medical exemption from being required to wear a facial covering as a reasonable accommodation for her disability. This accommodation permitted Plaintiff to work as a Carrier Technician, without being required to wear a facial covering.

16. At the time that she requested a reasonable accommodation, Plaintiff was unaware that Defendant had a District Reasonable Accommodation Committee (hereinafter referred to as "DRAC"). Plaintiff's supervisors and managers did not inform her that she could request a reasonable accommodation from DRAC.

17. From May 2020 through on or about March 8, 2021, Defendant provided the accommodation discussed in Paragraph 15 of this Complaint. Defendant discontinued the reasonable accommodation on or about March 8, 2021, and instructed Plaintiff on that date that she would not be permitted to work unless he wore a facial covering. At that time Plaintiff's supervisors and managers were aware of her disability and did not inform her that she could request a reasonable accommodation from DRAC.

18. Due to her disability, Plaintiff was unable to wear a facial covering and was not permitted to work from on or about March 8, 2021 through the present.

19. At all times relevant to this action, Plaintiff was able to safely and substantially perform the functions of her position with a reasonable accommodation.

20. Defendant denied Plaintiff a reasonable accommodation under the Rehabilitation Act of 1973, by not permitting her to work without a facial covering from on or about March 8, 2021 through the present.

4

        Accommodating Plaintiff's disability would not have created an undue hardship for Defendant.

21. Defendant permitted similarly-situated, non-disabled employees to work without requiring them to wear masks.  Those employees include, but are not limited to Andrea Dallas, Alfred Arrendondo, Mike Vencill, Lori Gottardt, Kendra Sutton, Vanessa Grant, Tara Callahan, Kimberly Cox, Breanne Hamilton and Jordan Hillard

22. As a direct and proximate result of not being permitted to work due to her disability and being denied a reasonable accommodation, Plaintiff has suffered injuries in the form of mental and emotional distress, lost wages, loss of fringe benefits, attorneys' fees and other damages.

23. The actions of Defendant were wanton and malicious and/or in reckless disregard for Plaintiff's rights under the Rehabilitation Act of 1973.

### FIRST CLAIM FOR RELIEF

24. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 23, as if fully rewritten herein.

25, The actions of Defendant constitute the denial of a reasonable accommodation and disability discrimination in violation of Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq.

WHEREFORE, Plaintiff demands the following:

A. Lost wages, fringe benefits, and compensatory damages in an amount exceeding $75,000.00;

B. Punitive damages in an amount exceeding $75,000.00;

C. Attorney fees and costs of this suit;

D. Equitable relief; and

E. Other relief that this Court may determine to be appropriate.

Respectfully submitted,

*/s/ Jason P. Matthews*

Jason P. Matthews-#0073144
Jason P. Matthews, LLC
130 West Second Street
Suite 924
Dayton, OH  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on her legal claims.

*/s/ Jason P. Matthews*
Jason P. Matthews