UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TINA DOLAN,

    Plaintiff,                            Case No. 3:22-cv-21

vs.

LOUIS DeJOY,                                    District Judge Michael J. Newman
POSTMASTER GENERAL,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING SUMMARY JUDGMENT (Doc. No. 39)**

---

This case is before the Court upon Defendant's motion to reconsider the Court's recent summary judgment decision. Doc. No. 39. Pursuant to Federal Rule of Civil Procedure 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court granted in part and denied in part the Defendant's motion for summary judgment in this case on July 30, 2024. *Fetters v. Postal Service (U.S.)*, Case No. 3:22-cv-17 (S.D. Ohio July 30, 2024), Doc. No. 57. The Court scheduled a trial for the consolidated the cases on November 12, 2024. *Id.*

The Postmaster General filed his motion for reconsideration on August 28, 2024—29 days after the summary judgment Order, meaning Defendant filed a day late. Doc. No. 39. Therefore, the Court **DENIES** Defendant's motion for reconsideration.

Even if Defendant had not filed the motion a day late, the court would still deny the motion. A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or

(4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005).[1] None of these factors apply. Out of the four factors, Defendant has only alleged a need to prevent manifest injustice in this case. Doc. No. 39 at PageID 312.

Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim. *McWhorter v. ELSEA, Inc.*, No. 2:00-cv-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)). A court will not find manifest injustice when the moving party simply reargues the issues that were not previously successful. *See Render v. Forest Park Police Dep't.*, No. 1:07-CV-489, 2009 WL 2168783, at *1 (S.D. Ohio July 16, 2009). Finally, the grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

After careful consideration, the Court is unable to identify any "unique circumstances" in this case such that manifest injustice would result without reconsideration. *See McWhorter*, 2006 WL 3483964, at *2.

For the reasons stated above, the Court **DENIES** Defendant's motion.

**IT IS SO ORDERED.**

  October 1, 2024                                                s/Michael J. Newman
                                                                          Hon. Michael J. Newman
                                                                          United States District Judge

---

[1] Defendant filed "the motion styled as a Motion for Findings of Fact for Reconsideration pursuant to Federal Rules of Civil Procedure 52(b) and 59(e)" Doc. No. 39 at PageID 311. "[T]he Rule 52(b) standard is the same as that for a Rule 59(e) motion." *Brown v. Owens Corning Inv. Rev. Comm.*, No. 3:06 CV 2125, 2009 WL 1362607, at *1 (N.D. Ohio May 13, 2009), *aff'd*, 622 F.3d 564 (6th Cir. 2010).